**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-1659

YUN WANG,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  August 7, 2012          Decided:  August 22, 2012

Before KING, DUNCAN, and FLOYD, Circuit Judges.

Petition dismissed in part and granted in part; vacated and
remanded by unpublished per curiam opinion.

Yun Wang, Petitioner Pro Se.  Lindsay Corliss, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yun Wang, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's order denying her applications for asylum, withholding of removal and withholding under the Convention Against Torture ("CAT"). While we conclude that we lack jurisdiction to review the denial of asylum, because the record compels a finding that Wang established a well founded fear of persecution, we grant in part the petition for review, vacate the Board's order and remand for further proceedings.

We note that we are without jurisdiction to review the Board's determination that Wang's asylum application was not timely. See Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009). We further note that Wang fails to make a constitutional challenge or raise a question of law regarding the denial of asylum.

While this court does not have jurisdiction to consider the denial of Wang's untimely application for asylum, we retain jurisdiction to consider the denial of her request for withholding of removal as this claim is not subject to the one-year limitation bar. See 8 C.F.R. § 1208.4(a) (2012). The current state of the law regarding this court's review of a final order denying withholding of removal was recently

2

summarized in Djadjou v. Holder, 662 F.3d 265, 272-74 (4th Cir. 2011). In order to qualify for withholding of removal, the alien must show that there is a clear probability of persecution on account of a protected ground, such as political opinion or religious belief. See 8 U.S.C. § 1231(b)(3)(A) (2006); 8 C.F.R. § 1208.16(b)(1)(i) (2012). A showing of past persecution on account of a protected ground creates a rebuttable presumption that the threat would recur upon removal. 8 C.F.R. § 1208.16(b)(1)(i).

If the alien fails to show past persecution, she can establish entitlement to relief if she shows that it is more likely than not that she will be persecuted on account of a protected ground if removed to her country. Id., § 1208.16(b)(2) (2012). This may require some showing that the alien herself will be singled out for persecution. See Cruz-Lopez v. INS, 802 F.2d 1518, 1520-21 (4th Cir. 1986). She can also show entitlement to relief by showing that there is a pattern or practice of persecution of persons similarly situated to her on account of a protected ground and that her own inclusion with such persons makes it more likely than not that her life or freedom would be threatened upon return. 8 C.F.R. § 1208.16(b)(2)(i), (ii). If the alien meets her burden, withholding of removal is mandatory.

3

When the Board adopts the immigration judge's decision and includes its own reasons for affirming, this court reviews both decisions. This court will uphold the Board's decision unless it is manifestly contrary to the law and an abuse of discretion. The standard of review of the agency's findings is narrow and deferential. Factual findings are affirmed if supported by substantial evidence. Substantial evidence exists to support a finding unless the evidence was such that any reasonable adjudicator would have been compelled to conclude to the contrary. See Djadjou, 662 F.3d at 272-74 (case citations omitted).

Because the immigration judge did not make an adverse credibility finding, it is presumed Wang testified credibly. See 8 U.S.C.§ 1158(b)(1)(B)(iii) (2006); Marynenka v. Holder, 592 F.3d 594, 599-601 & n.* (4th Cir. 2010).

The immigration judge found Wang did not meet the well founded fear standard necessary to establish eligibility for asylum. The immigration judge properly noted that if Wang could not establish the well founded fear standard she could also not establish the more stringent standard necessary to be eligible for withholding of removal. The general rule is that one who does not meet the standard for asylum is necessarily ineligible for withholding of removal. Yi Ni v. Holder, 613 F.3d 415, 427 (4th Cir. 2010). Because the immigration judge found Wang did

4

not establish a well founded fear necessary for asylum, she did not determine whether Wang met the more stringent standard for withholding of removal.

We conclude that substantial evidence does not support the immigration judge's findings and that the record compels a finding that Wang established a well founded fear of persecution. Thus, we vacate the Board's order and remand for a determination of whether Wang met the requirements for withholding of removal.

Initially, we conclude that substantial evidence supports the finding that Wang did not establish that she suffered past persecution because of her Falun Gong practice. Her three-day detention and beating during her interrogation that did not result in significant injury was insufficient to compel a finding of past persecution. See Qiao Hua Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (citing Dandan v. Ashcroft, 339 F.3d 567, 573 (7th Cir. 2003)); see also Kondakova v. Ashcroft, 383 F.3d 792, 797 (8th Cir. 2004).[1]

---

[1] We note that the immigration judge found "[t]here was no medical attention required" after Wang was released from detention, having suffered a bleeding mouth, swollen face and bruises on her legs and arms. (A.R. at 82). Wang credibly testified, however, that she did need to go to the doctor after her release, but could not afford it. (A.R. at 106).

On the other hand, we conclude that Wang established both the subjective and objective components necessary for the well founded fear analysis. "The subjective component can be met through the presentation of candid, credible, and sincere testimony demonstrating a genuine fear of persecution. . . . [It] must have some basis in the reality of the circumstances and be validated with specific, concrete facts . . . and it cannot be mere irrational apprehension." Qiao Hua Li, 405 F.3d at 176 (internal quotation marks and citations omitted). The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006).

To demonstrate that a fear is well founded, the applicant must show that her persecutor is or could become aware of a disfavored belief or characteristic. Hongsheng Leng v. Mukasey, 528 F.3d 135, 142 (2d Cir. 2008). An alien can do this by offering evidence that she will be singled out or that there is a pattern or practice of persecuting persons similarly situated to the alien. Id.

Because it is presumed that Wang testified credibly, she established the subjective component of the well founded fear analysis. See Zhou v. Gonzales, 437 F.3d 860, 867 (9th Cir. 2006); Zhao v. Gonzales, 404 F.3d 295, 307 (5th Cir. 2005).

6

Wang's credible testimony, supporting affidavits and objective evidence showed the following: Falun Gong is a practice that is labeled a cult and outlawed in China. Wang is a Falun Gong practitioner who was detained for three days and beaten after being arrested for handing out Falun Gong fliers. In order to be released from detention, she agreed to spy on Falun Gong members. After her release, authorities came to the family house threatening her mother. However, Wang was already in hiding at a relative's house and stayed there until she left China for the United States, arriving in April 2004. In 2008, her father was detained for two weeks after authorities learned Wang was practicing Falun Gong in the United States. We submit this evidence shows that Wang is a known Falun Gong practitioner, that she was arrested for handing out Falun Gong fliers and that she left China after agreeing to spy for authorities. After considering this evidence along with the objective record evidence, we are compelled to find that Wang has a well founded fear that she will be targeted when she returns.

The immigration judge noted that Wang could not testify as to how Chinese authorities were aware that she continued her practice in the United States. Given that Wang testified credibly about the reasons for her father's detention and her testimony on this issue is supported by her mother's

7

affidavit, we conclude it was speculative and unreasonable for the immigration judge to believe that Wang should know how authorities came to learn she practiced Falun Gong in the United States.

The immigration judge also found it significant that four years passed between Wang's detention and 2004 exit from China and her father's 2008 detention. While the passage of time may be relevant in considering whether authorities are still targeting a particular alien, in this instance, the immigration judge failed to consider that authorities did indeed target Wang soon after her release from detention and then had to learn that Wang left China for the United States and that she continued her practice after she arrived.

The State Department's 2008 Human Rights Report for China and the 2007 Profile of Asylum Claims and Country Conditions for China show that Falun Gong practitioners, from high level leaders to private practitioners, stand a risk of being persecuted by being sent to reeducation through labor camps, psychiatric hospitals or imprisonment. This is contrary to the immigration judge's conclusion that Wang does not have a well founded fear because she is not a well known Falun Gong activist or a person who holds a position in a Falun Gong organization. According to the Human Rights Report, in has been reported that since 1999, 100,000 Falun Gong practitioners have

8

been sentenced to labor camps and 3000 persons have died from being tortured. While the objective evidence indicates that the range of sanctions goes from a fine or loss of employment to something more severe, such as detention in a labor camp, Wang was previously detained for handing out Falun Gong fliers, told authorities she would spy for them, and then continued practicing Falun Gong once she arrived in the United States. It is reasonable to assume she might face a more severe sanction if she were to return to China. See Shan Zhu Qiu v. Holder, 611 F.3d 403, 408 (7th Cir. 2010) (State Department reports show a progressive discipline system for Falun Gong practitioners and that the punishment stops when the alien ceases to practice).

After taking into account the entire record, we conclude it compels a finding that Wang established both the subjective and objective components of a well founded fear of persecution.

Accordingly, while we dismiss the petition for review from the denial of asylum as untimely, we grant the petition from that part of the Board's order denying withholding of removal. We vacate the Board's order in part and remand for consideration of whether Wang established the stringent

requirements for withholding of removal.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED IN PART AND GRANTED IN PART;
VACATED AND REMANDED

---

[2] In her informal brief, Wang does not challenge the denial of relief under the CAT.  Accordingly, that claim is abandoned and was not reviewed by this court.  See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (finding that failure to raise a challenge in an opening brief results in abandonment of that challenge); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (same).